Good morning. May it please the Court, my name is Raymond M. Deeny. With me is Paul McHugh, and we represent Newmont Mining, the appellants in this case. Members of the Court, the District of Nevada has crafted a test regarding a dispute that occurred at post expiration of a collective bargaining agreement that neither has support in the law and fundamentally is unworkable as a standard. The test that the District extrapolated is basically a mathematical test of trying to count up the number of what they call material facts that occurred before the expiration and then put in the words of the District Judge a gloss on those facts to come up with what the Judge considered to be key facts that occurred before the expiration of the collective bargaining agreement. Whereas the only relevant standard coined by the Supreme Court in Lytton in clarifying Nolde brothers was whether there was a vested or accrued right that had occurred during the term of an extant collective bargaining agreement or whether there was other language in an expired collective bargaining agreement that allowed for an interpretation that the parties had expressly agreed to save for arbitration post expiration disputes, neither of which occurred here. Indeed, the key fact that the District Court dwelled on was theft. Theft in the workplace can't be a vested or accrued right. There is not one shred of evidence to suggest that the parties had agreed to hold over for post expiration arbitration. Let me ask you this. Under the collective bargaining agreement, if this event had all occurred prior to the expiration of the collective bargaining agreement, it would have been arbitrable, right? Judge Pye has no question about it. No question about it. If the facts and occurrences had all preceded the expiration and then the employer said … And as I understand the record here, the incident giving rise to the ultimate terminations, which occurred after the expiration of the agreement, occurred before. I quarrel with that, Your Honor, for this reason. Well, when he altered the tool request form, did that occur before the expiration of the document? Very Cartesian in its reference, Your Honor, and that would be this. If we don't know that he has altered the document and it's discovered later in the fact, if, in other words, the tree fell in the woods and nobody heard it, did it make a sound, the only time a dispute arises is when it's discovered and when a grievance is filed over it. You would agree, wouldn't you, that the fact that the incident occurred before the expiration of the collective bargaining agreement? I believe, Your Honor, that in Litton's language, that is irrelevant. But you're still not answering my question. Of course. Of course. The thing that Judge Reed focused on, his key fact, is the individual turned in a slip requisitioning tools and then altered that slip to request more tools for his own personal use, known as theft. That fact occurred before the expiration of the agreement. Now, let me ask you this, Nick. Do you dispute that Newmont had, and I say Newmont in the collective sense, had no inkling that this incident occurred before expiration of the collective bargaining agreement? The inkling they had, which I think is a matter of record, Your Honor, is they had an inkling that he had turned in a requisition, which they processed. It was only October 2nd, three days after the contract had expired, that they started to have a sense that perhaps he had altered that request. But, again, Your Honor, this doesn't lend itself to some mathematical equation. Well, that's what, unfortunately, the standard that has been crafted here by Judge Reed consists of, and that's just unsupportable. What about if, could the collective bargaining agreement have enshrined a right to have arbitrated the question whether a theft did, in fact, occur? Could an extant collective bargaining agreement? Could this collective bargaining agreement? No, Your Honor, because, as is very clear, the effect of a collective bargaining agreement, and most specifically an arbitration clause, is coextensive with an effective collective bargaining agreement, unless, under Lytton, the parties have specifically agreed to arbitrate disputes that come up after the contract expires. But once the contract expires, that language that's in the agreement about the scope of an arbitration, that has expired. It is a function of contract, pure and simple. There is no standard to be derived in the collective bargaining agreement from an expired collective bargaining agreement and its arbitration clause. But if all the facts had occurred before the expiration? No question. You could still have an arbitration after the expiration of the agreement. In that situation, Your Honor, that is the only circumstance that I can see what the courts envision as the pernicious effect of an employer refusing to arbitrate. That is, if all the facts occurred and we had identified that he had indeed altered this document, we had investigated it, we had then terminated him, and then said, well, the grievance didn't progress to arbitration in time before the contract expired, I would allow as how that would be a circumstance in which we could not refuse to arbitrate, because all of the rights and obligations had already ripened by the time the contract expired. We would not be in this position of refusing to arbitrate if all of those material facts had occurred before the expiration of the agreement. But you can't parse the fact. I have no idea how the district court concluded that was a key fact. The only key fact, if that's the standard, is he's terminated. That's what creates the dispute, and that didn't occur until the contract had expired.  And I agree with you. It's hard to tell which fact is key or more key, but it seems to me there are two things, a theft and a discharge because of the theft, if indeed that theft occurred. And if it were arbitrated, I guess the primary thing an arbitrator would be deciding is whether or not, in fact, the theft occurred. If, Your Honor, that would imply that there is a just cause standard. Because once a contract expires, an employee resorts to their lawful standard of at will. There wouldn't have to be a reason. There wouldn't have to be procedures. There wouldn't have to be anything. That's the benefit of the bargain that the parties have during an extant agreement. It's not to create a right such as you have in the Nolde Brothers case, like a forfeiture of an earned benefit, or even in the Litton case where they tried to argue that the seniority transcended the agreement's terms. It doesn't. Those are not vested rights, nor is it vested right to be pilfering from your employer. And as a result of that, there is no just cause standard that exists after the collective bargaining agreement expires. In anticipation of my opponent's argument, they try to then concoct this argument that the vested right is what the arbitration language provides as far as an arbitrator looking at facts and occurrences and whether those are substantially as the employer knew them to be. That doesn't create a vested right in an employee. That may be a nice standard for an arbitrator to conduct his proceeding, his or her proceeding. But the origins of that language is simply the Steelworkers Trilogy. All that is is to say that an arbitrator shall not second-guess a management's decision about the propriety of a termination. And if they can't find it to be discriminatory or arbitrary as the express language of the agreement provides, then the arbitrator can second-guess the decision, only if they make those express findings. But that clause expires with the collective bargaining agreement. And it is completely contrary to AT&T Technologies and even Litton itself to say that you look to an arbitration clause to come up with rights that transcend the expiration of the agreement. The only reason you would look at an arbitration clause or any other clause in an expired collective bargaining agreement would be to see if there was a vested right. Judge Cox's circuit has so held exactly in the GCF case. The Eleventh Circuit has said exactly that. Once that contract expires, just cause is gone, the parties resort to at-will status, and the benefit of the bargain has lapsed. So let me ask you. In Litton, you know, what the Court said, a post-expiration grievance can be said to arise under the contract only where it involves facts and occurrences that arose before expiration. Yes. Okay. So the district court tried to put its understanding on that. We know the Eighth Circuit did and the Sixth Circuit did. Yes. So you're standing there. What's your take on that? Well, first of all, it's rare that — Is it your position that what they meant there was all circumstances and occurrences? Well, we certainly know they didn't say material, and we certainly know they didn't say key, and they didn't say all. Correct. But, Your Honor, I think the fairest reading of that language, as actually Justice Marshall observed in the Litton case, in dissent but for a whole different reason, he said there's only two standards in that iteration by the Court. That is, was it a vested right, or is there some evidence of an agreement to arbitrate post-expiration? I think, in the dissent, by the way, in the South Central case, Judge Kennedy, I think reads that clause perfectly the way it should be read, and that is, of course, all of the facts and occurrences about a vested benefit would have to occur before the expiration of the collective bargain agreement. Or there would have to be the facts and occurrences about the party's agreement to arbitrate disputes post-expiration. It is not a separate standard. It is simply a modifier. Otherwise, Your Honor, it would have said, as the Court is prone to do, the test consists of three discrete points, number one, number two, or number three. Or, grammatically, there would have been an or between expiration, as Justice or Judge Kennedy points out in the South Central case. There would have been an or between providing three different standards. Now, to your question, if all of the facts had occurred except for the employer's agreement to arbitrate a dispute, we wouldn't be here, Your Honor. We wouldn't be here. If the termination had occurred and there had been a grievance filed before the contract expired, we would have met our obligation to arbitrate this dispute. And so if you analogize that to the situation in South Central where, unfortunately, this standard, I think, became quite murky, there you can point to something that occurred pre-expiration, and that is that the residency requirement was provided for in the collective bargaining agreement. The union had filed a grievance when that individual was disciplined, and they claimed that the employer was stopped from relying on that residency requirement because they had changed the interpretation during the term of the agreement about that residency requirement. And all of those facts occurred prior to the expiration of the agreement. And so it was purely pro forma that he was ultimately terminated after the agreement had expired. But that is a far cry from what we have here, even if we were to adopt a mathematical formula. Here we have, according to Judge Reed, four significant facts before it expired and four that occurred after it expired. There is no place here for using such an imprecise standard. Supreme Court in Lytton has given us, I think, two standards, vested and express contract interpretation. Your Honor, if I may, can I reserve time? Yes. Thank you. Good morning, Your Honor. This is David Rosenfeld on behalf of Operating Injuries, Local 3. It's undisputed that the tool requisition issue, I'm not going to call it theft because it's really not what we know that it is, we know there's a change to the tool requisition, that occurred in late September. There is an inkling or suggestion in the record from even the company's affidavits that they knew about it because it was processed by their agent, Jody Moss. There's evidence in the record, however, that they knew about it and began investigating it because that's the affidavit of Darlene Proctor. I'd like to address really what are two fundamental questions here, which is, is it an any standard, as the Trinidad case suggests, or is it an all standard, as counsel suggests? And in order to address that, I have to, I think, address this question that he's raised, relying on Judge Kennedy's dissent in the South Central case. The language of the Supreme Court says a post-expiration grievance can be said to arise under the contract only where it involves facts and occurrences that arose before the expiration or an action taken after expiration infringes a right that accrued or vested under the agreement or where the normal principles of contract interpretation. He's trying to condense that into two tests, accrued or normal contract. Every other court that's looked at that language has said, well, there's really a third circumstance you have to deal with, which is where the facts and circumstances arise before the contract expires, because that's the normal problem. As in this case, where someone is fired, there's a pay dispute, a contracting dispute, something where the facts and circumstances of the dispute arise, the dispute arises, the parties begin discussing it, ultimately the request for arbitration or the completion of the grievance procedure happens after the contract expires. So it seems to me that to condense this into two would eliminate the vast majority of cases from arbitration where someone is fired two days before the contract expired or two months or two years, yet the procedure isn't resolved or the final decision isn't resolved until after the contract has expired. What would you – how would you frame this third factor? If you – in other words, what kind of a decision are you asking for? What standard do you want? That exactly seems to me to be really the nub of this case. And I'm going to – I'm going to come at it from a different direction, which is the parties to this contract resolved that question, Your Honor. The parties to this contract resolved that question because what they said in a termination case is it's not a just cause standard. The standard is in the case of employee discipline or discharge, the arbitrators shall determine the question of fact as to the occurrence or non-occurrence of the circumstances upon which the discipline was based. So what the parties to this contract did in a discharge case – and this is not a good standard for unions. It's a difficult standard to win on. Nonetheless, the parties to this contract agreed to that standard. That's what the arbitrator has to face. So it's not a matter of any or all. All the arbitrator gets to look at is the question of fact as to the occurrence or non-occurrence of the circumstances, meaning the tool requisition. Having said that, what has happened in this case is Newmont has really created a very difficult question of what this contract means in order to lead to the arbitrability question. Because what they've argued in the reply brief at page 11 is that – what we argued in our brief is that the central issue in this case, the key fact, whatever you want to call it, is what the parties agreed to. The arbitrator shall determine the question of fact as to the occurrence or non-occurrence, not just cause, something else. And so we said in the arbitration, we're not going to look at the employer's decision-making process. We're not going to look at that they fairly investigated, which I would concede in most discharge cases is something that you look at. You look at – I mean, there are seven tests of discharge. There are all sorts of things arbitrators look at. But we say the parties excluded are looking at how fair or reasonable was the employer's discipline and how fair was their investigation. Whatever occurs after the tool requisition issue is wholly irrelevant under their agreement. The employer disputes it. They say, no, that isn't the interpretation agreement we think is contained. We think, in fact, the arbitrator has to look at the rest of these things. Now, would you not be here at all if Newmont had simply said you're fired, no reason at all? We'd certainly be here because the contract requires that a reason be given. I'm not sure that – Well, the contract's expired. But at that point, the question is whether – it's a contractual question, and that's, I think, my important point here is that it's a contractual question whether the arbitrator looks at these factors. And it's a contractual question. All I'm saying is that you'll craft a rule, but all that Newmont had to do after the contract expired, even under your rule, is just say you're discharged, no reason. We just decided to do it this morning. But I would then argue to the arbitrator that, having given no reason, they never had any facts or circumstances that would reflect upon whether there were facts or circumstances, not the merits of their investigation. I suppose then you get into a difficult argument of when the nonreason occurred. Well, see, this is the point about – That's a sideshow. I won't take you any further down that road. I'm going to go down that road because that – we're in the Ninth Circuit, which has a different rule on this problem, arguably, than other circuits. In this circuit, when determining arbitrability is fundamentally a question of interpretation or application of the contract, which what it seems to be, given counsel's argument. In this circuit, when you have a broad arbitration provision, and in this case, I think it's undisputed that the arbitration procedure is broad. It is defined as a grievance is any controversy, complaint, misunderstanding, or dispute arising into the meaning, application, or observance of any provision of this agreement. In this circuit, when you have a broad arbitration provision, and when I say in this circuit, the interstate distributors case, the desert pallet case, they all make this very clear. When you have this kind of a broad provision, then the question of arbitrability is remanded to the arbitrator to decide, not the court. If you have a narrow provision, it's for the court to decide. That's what interstate and desert pallet say. So what the employer has done is created an intense, arguable debate here about what the contract means. What does the arbitrator look at? Does the arbitrator look at the facts and circumstances in September? Or does the arbitrator get to look at what occurs after? We say he doesn't or she doesn't. They say he does or doesn't. That we'll go ahead, finish up your point. But I was going to say, taking from what you've said in answer to Judge Canby's question about the standard you'd advocate, I guess then, as I understand what you're saying, you would have you would look to what the key or material fact is under the arbitration under the collective bargaining agreement that gives rise to the right to arbitrate. I'd phrase it differently. I'd say you'd look to the collective bargaining agreement first to see what the arbitrator would look to. Right. But that's so what here, what the arbitrator is looking to is, is whether he altered the form, I guess. Right. And that's right. And that is the essential fact. I'm avoiding using it. Right. I know. But I mean, but that's under the term. But you've got to give it some characterization. That's the fact or occurrences which the parties agreed would be solely within the arbitrator's scope of review. Now, for example, the parties could have said something different. They could have said arbitration, language like this. Arbitrator may only consider whether the company abused its discretion at the time it exercised, or some language that the arbitrator is limited to determining whether the company made a full and fair investigation. Then they would have a very strong argument that the language in the contract is clear that the arbitrator only considers things that happen after September 30th. But that's all contract interpretation. That's all contract interpretation. And this is an unusual agreement because it has that kind of defining qualities about what goes into this arbitration decision. And that's why I think in this circuit you really don't have to decide material any or all in this case because they've created this contract dispute issue. What — Well, if we, you know, if we focus our attention on what the terms of the collective bargaining agreement say, then future cases are obviously going to look to the terms of the collective bargaining agreement. That's true. That's absolutely true. Having a rule for the future cases. You could rule in our favor by simply saying the contract seems to say facts and occurrences. All that occurred before. We don't really have a question here. On the other hand, the company does have a fair argument because there's the remainder of that language says, if it is determined that such circumstances were substantially as found by the employer, the employer's decision as to the kind and degree of discipline shall not be disturbed unless there's an express finding that the kind and degree of discipline was unreasonable. Their argument is, well, that means you've got to look to a lot of other things. I say, no, you don't. You just look to the facts and occurrences and what the employer's done up to that point in these similar circumstances. You don't look to what occurs after October 1. But the problem, Your Honor, is that I'm trying to be very clear about this. I don't think that this court or the district court can really reach in to understand or interpret or apply that language. You must say that the partisan created dispute which falls within the broad arbitration provision of a controversy, complaint, misunderstanding, or dispute arising as to the meaning of that That arbitrability question, because it's a broad provision, is for the arbitrator to decide, not the district court in this context. Is it enough in your view that the alleged alteration of the requisition occurred during the term of the contract, or are you also depending on some beginning of a dispute or investigation? Our position is that the alleged alteration, which was completed during the term of the contract, is enough, even under South Central Power, because even under South Central Power, what the Court says is that, in contrast to the Pepsi-Cola case, and distinguish it, in contrast, we conclude that a majority of the material facts and occurrences leading to Skinner's discharge occurred prior to the expiration. But as you look to the facts and circumstances which led to the decision to discharge, i.e., the tool requisition alteration, you don't look to the decision itself, because that can lead to a lot of mischief, which is that the employers will simply find out about it and wait and wait until the contract expires and then discharge. It also really undermines the grievance procedure, because then you – grievance procedures are designed to require quick action by everybody. Get these disputes resolved. That's kind of a fundamental issue in grievance handling. And this kind of then leads these processes to drag out so the employer can more and more wait until after the contract expires and say, aha, some of the facts and occurrences, i.e., our final decision, the completion of the grievance procedure, waits until after the contract and therefore refused to arbitrate it. The company, of course, says that the timeline here was so short that we really can't be accused of doing that. No, but they can be accused of trying to take advantage of that theory in this case. Although I – and that sort of weighs against them in refusing to arbitrate, which is this isn't a case like the Pepsi-Cola case where the discharge occurs months after the contract expires. There's certainly quite a continuum here. And in regard to that, Mr. Deany has phrased a position which I do want to dispute. He is correct that now in light of Litton, you can't presume that the arbitration provision continues after the contract expires. That's what Litton says. But Litton doesn't say that any other provision expires. For example, if you have a just cause provision in a collective bargaining agreement, that remains in effect because of the operation of the National Labor Relations Act. That's what the dispute was about in Litton. In Litton, the union argued that because the National Labor Relations Act says that when a contract expires, the contract remains in effect, the wages, hours, working conditions, that it also encompasses the arbitration provision. That argument was what was rejected in Litton. But everything else remains in place. So if a contract has a just cause provision, the employer can't, after contract, say, we're repudiating just cause. They still have to abide by it. What they don't have to do is arbitrate that question. So that this language in the contract about what the arbitrator is supposed to do remains in effect. We can't force them to arbitrate. But if it's a just cause provision, that fully remains in effect after the contract has expired. But Mr. Deney is correct that had the tool requisition been changed on October 3rd, we wouldn't be here. Because we understand that we can't compel arbitration where the facts and circumstances arose afterwards. Counsel, isn't the question really whether the parties agreed to arbitrate this dispute? And if they did, does it matter that the contract had or had not expired? Your Honor, that's my point. And my point is that in this circuit, whether the parties agreed to or not is for the arbitrator to determine, because we have a very broad arbitration provision, because whether they agreed to arbitrate this dispute is, in fact, a question of interpretation of this agreement. And if it's a question of interpretation of this agreement, without going back to interstate distributors and Desert Palace, that's a matter for the arbitrator to determine. Desert Palace, this Court said, we have construed broad arbitration clauses as granting an arbitrator authority to decide his or her own jurisdiction. It's not the law of the district, but that's here. That governs this case because it's up to you. Someone has to look at the contract and figure out whether we agreed to arbitrate this or not. Now, is the only standard for discharge in the arbitration clause, or is there another clause in the contract? That's all. It's all in the record. It's just that those sentences that I've read, they're in the record, and that was attached to the petition. There is not a just cause provision in this contract. It hinges on that language. And I can see this is somewhat unusual. Mr. Deeny is correct. I think, you know, I've seen hundreds of contracts that have just cause. In the Litton case, that was involved in that case. I mean, there are just cause provisions, but that's not an issue here because the parties agreed to a different standard, which is why this is even more compelling a case to apply the interstate distributors' Desert Palace standard to interpret that language. So I will go back to where I started, which is that this isn't an any case, an all case, a numerical case. That isn't the issue here. It's what the parties agreed to, and that should be resolved by the arbitrator because the arbitrator has the authority in this kind of case to resolve it. The only question is not how this court is going to resolve it, given that great dispute between the parties and what the contract means in these circumstances. Thank you. Thank you. We have some time for rebuttal. Mr. Deeny. Thank you, Your Honor. Just briefly, Judge Cox has hit the point exactly. Arbitration is a function of agreement, and once the agreement has expired, there is no provision for arbitration. Ergo, there is no reason to look at the arbitration clause because that is a function of contract. If that's the standard, if that's where they derive this so-called vested right, that has expired with the agreement. That's not what I was suggesting. What I was suggesting was it seems to me you can agree to arbitrate whatever you want to agree to arbitrate. And if you want to, you can make the agreement to arbitrate terminate unless notice or request for arbitration precedes termination of the agreement. But you don't have to do that, do you? That's right. So it's a question, it seems to me, of what the parties agree to arbitrate. Right. And if they agree to arbitrate this dispute, if we were to conclude that, it doesn't matter, does it, that the contract has expired? Yes, it does, Your Honor. According to the Supreme Court, Litton took exactly this point up, which is once the contract expires, arbitration, and that's the only source of this standard that is being foisted both on the District of Nevada and the Ninth Circuit, is that's the only place you get this standard that they're talking about. And that expired with the agreement as a matter of law. Absent a new agreement by us to say we will arbitrate the third so-called third prong of Litton, which I think is the second prong of Litton, if we had agreed to arbitrate it, that's fine. That's enforceable. But it doesn't derive from the collective bargaining agreement. You're saying Litton was not interpreting the agreement. They were just laying down a rule that applies notwithstanding what the parties agreed to. That's right. They said seniority was the issue there, and the Supreme Court said, by the way, a year, many years after the contract expired, if you would talk about an employer's ability to manipulate, they did a layoff, which is much more in control of an employer to try to circumvent the arbitration clause. That could be timed solely within the discretion of an employer, not a discharge. And the Supreme Court said we're not going to look at the substance of the agreement for that unless there's some vested right in the agreement that transcends the expiration of the agreement. And there is no vested right in the arbitration clause to change forms of the employer and try to pilfer property. That's hard to imagine that being a vested right. But Litton does say if the dispute arises under the contract, you can arbitrate it post-contract. Right. Dispute arises under the contract. What's the dispute? The dispute is termination, Judge Camby. That's the dispute. It's my Cartesian analogy again. There isn't any dispute until we discover the theft. And contrary to assertions to this just cause idea, I will in the future, Newmont now has a collective bargaining agreement, I will be quoting frequently that Mr. Rosenfeld says there is no just cause requirement, so I thank him for that. But in the future, what we are talking about here is that standard that an arbitrator looks at any discharge decision is what I described it as earlier. It's simply a reflection of the Steelworkers Trilogy. It doesn't create substantive rights like a severance or a seniority clause, and it lapses with the expiration of the agreement. And I reiterate, you cannot read the first phrase of Lytton without noting that the two acts that they described thereafter are vested rights and, as Judge Cox says, an agreement to arbitrate that was engaged in between the parties. That's all that's left of post-expiration conduct. Thank you, Your Honors. Thank you. We appreciate your arguments, and the matter will be submitted for decision.
judges: Canby, Cox , Paez